**NOT FOR PUBLICATION**                         [Docket Nos. 7 and 8]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


PAUL A. FAVA, et al.,            :
                                 :
            Plaintiffs,          : Civil Action No. 07-1077(RMB)
                                 :
       v.                        : **OPINION**
                                 :
TRANSAMERICA LIFE INSURANCE      :
& ANNUITY COMPANY, et al.,       :
                                 :
            Defendants.          :
_____:


**APPEARANCES:**

Emily A. Buonadonna, Esquire
Capizola Baker Lapham & Fralinger PA
100 North Main Road
Vineland, New Jersey 08360-8293
856-692-6900
    Attorney for Plaintiffs

Bryan H. Mintz, Esquire
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07102
(973) 639-7907
    Attorney for Defendant Transamerica Life
        Insurance & Annuity Company

Mark Edward Seiberling, Esquire
Conrad O'Brien Gellman & Rohn
1515 Market Street, 16th Floor
Philadelphia, Pennsylvania 19102
215-864-9600
    Attorney for Defendant Irving Zislin

**BUMB**, United States District Judge

This matter comes before the Court upon a motion to dismiss by Defendants, Transamerica Life Insurance & Annuity Company and Irving Zislin, pursuant to Federal Rule of Civil Procedure 12(b)(6). The facts, as alleged in the Complaint, are briefly as follows.

On January 8, 2005, Inez Fava ("Fava") passed away. Plaintiff Paul A. Fava is the Executor for the Estate of Inez Fava. Plaintiff Nina Figarole is the Executrix for the Estate of Inez Fava. Plaintiffs allege in their Complaint that Inez Fava was a neighbor to Defendant Irving Zislin, a licensed life insurance agent or employee of Defendant Transamerica Life Insurance and Annuity Company ("Transamerica"). As alleged in the Complaint, Defendant Zislin "became Inez Fava's advisor and established a trust and fiduciary relationship with her." Complaint, Count 1 at ¶ 6. Over the years, Defendant Zislin sold Fava life insurance and annuities. As alleged in the Complaint, on or about May 9, 2003, Defendant Zislin sold Fava a "straight-life" annuity. Fava issued a single premium of $50,000 in return for monthly payments of $372.74 for as long as she lived. Id. at pgs. 14, 16. If Fava died before the $50,000 had been distributed, no additional payments would be made to Fava's beneficiary. Id. at ¶14.

On January 8, 2005, Fava passed away, less than two years after the May 9, 2003, annuity was issued. Of the $50,000

premium paid, Fava received $7,082.06 from Defendants Transamerica and Zislin.  Id. at ¶23.

In lieu of filing an answer, Defendant Transamerica has moved to dismiss the Complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant Zislin has likewise moved to dismiss under Rule 12(b)(6), or, alternatively, to strike Plaintiff's Complaint or for a more definite statement pursuant to Rule 12(e).

**Standard of Review**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)(internal citations omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (internal citations omitted).  A district court must accept any and all reasonable inferences derived from those facts.  Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991);

3

Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S.Ct. at 1974.  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

**Legal Analysis**

Defendant Transamerica argues that Plaintiffs' claims against it (Counts 7, 9 and 10) should be dismissed because the bad acts of Defendant Zislin may not be imputed to Transamerica because he was not an employee or agent, as alleged by Plaintiffs, but rather an independent contractor.  Transamerica asks this Court, at this stage of the proceeding before any discovery has been conducted, to look to the contract to find

that Defendant Zislin was in fact an independent contractor. Plaintiffs, however, contend that they should be afforded discovery on this issue and present a colorable argument that the discovery will show that Defendant Zislin was more than an independent contractor. See Plaintiffs' Brief in Opposition at 10-14. Because this Court finds that there has been no discovery at all on the issue of Defendant Zislin's relationship to Defendant Transamerica, Defendant Transamerica's Motion to Dismiss on this ground will be denied.

Defendant Transamerica also argues that Count 9 should be dismissed because Plaintiffs have failed to allege any facts to support the contention that Fava was of "unsound mind and diminished capacity." Indeed, Defendant Transamerica argues that, based on the facts alleged by Plaintiffs in the Complaint, "Fava was well aware of her life expectancy and her medical condition when purchasing her Life Annuity. There is nothing in the Complaint supporting the argument to rescind the Life Annuity based Ms. Fava's mental capacity." Defendant Transamerica's Memorandum at 15. Again, this Court finds that the Defendant is asking this Court to make a factual conclusion without any discovery having been done on this case. The Complaint alleges sufficient facts that Fava was "incapable of transacting business or of understanding the nature and effect of the transaction in purchasing a straight life annuity." (Count 9) To withstand a

5

motion to dismiss, a complaint does not need more detailed factual allegations with respect to this Count.  Accordingly, Defendant Transamerica's motion to dismiss Count 9 will be denied.[1]

Finally, Defendant Transamerica moves to dismiss Count 10 of the Complaint because the Plain Language Act, N.J. Stat. Ann. 56:12-2 et seq., does not apply to the life annuity at issue here.  Plaintiffs do not contest Defendant Transamerica's legal assertion, but request that only the third paragraph of Count 10 be dismissed.  However, just striking the third paragraph of the Count makes no sense, as no other viable allegation remains.  Thus, Count 10 will be dismissed in its entirety.

Finally, Defendant Zislin moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(5)[2] or, alternatively, to consolidate Plaintiffs' redundant counts, or alternatively, to direct Plaintiffs to file a more definite statement pursuant to Fed. R. Civ. P. 12(e).  For the reasons set forth below, the Plaintiffs are directed to file an Amended

---

[1]  The Plaintiffs will be directed, however, to provide a more definite statement of their claims.  See infra.

[2]  Defendant Zislin argued that Plaintiffs' service of process was defective and, thus, this Court has no jurisdiction over him.  The Court assumes Defendant no longer is pursuing this motion because of Plaintiffs' counsel subsequent assertion it has complied with N.J.Ct.R. 4:4-4(b)(1)(A).

Complaint that clarifies and sets forth their claims in individual counts.

Defendant Zislin correctly points out that Counts 1 and 11 fail to allege any causes of action. He further contends that Counts 2 and 3 allege the same cause of action for fraud. Plaintiffs, however, contend in their opposition brief that Count 2 alleges a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., yet nowhere in Count 2 is the Act stated. Defendant contends that Counts 4, 5, 6 and 8 allege the same cause of action for professional negligence. The Court notes, however, that it was not until the Plaintiffs filed their opposing papers did Plaintiffs allege the particular causes of action: Professional Malpractice (Count 4); Breach of Fiduciary Duty (Count 5); Ordinary Negligence (Count 6); and Breach of Contract (Count 8).[3] This Court, however, will not allow a complaint to, in effect, be amended by pleadings other than an Amended Complaint. Nor should the Defendants be required to assume what Plaintiff's causes of action are or appear to be.

Finally, Defendant Zislin asserts that Count 9 of the Complaint should be dismissed because it "appears" to state a claim for rescission of the contract, which is an equitable remedy, not a cause of action. This Court agrees with Defendant

---

[3] The Court also notes, as Defendant Zislin argues, that Plaintiffs fail to set forth the contract alleged to have been breached.

Zislin's contention, but, again, it will not assume the Plaintiff's allegation.

In sum, the Court agrees with Defendant Zislin that because the individual counts either do not set forth the causes of action or appear redundant, this Court will grant the request for a more definite statement as to Counts 2, 3, 4, 5, 6, 8 and 9. Plaintiffs shall have thirty days from the entry of the Order accompanying this Opinion to amend their Complaint.  Counts 1 and 11 shall be dismissed altogether because they contain no claim, but merely recite facts pertinent to the other counts.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: July 12, 2007